# IN THE MATTER OF MANUEL APONTE CINTRON, Bankrupt.

San Juan, Bankruptcy, No. 366.

Opinion filed March 26, 1924.

*Mr. Vicente Zayas Pizarro* for petitioning creditors.

*Mr. P. Albizu Campos* for former referee in bankruptcy and for trustee.

ODLIN, Judge, delivered the following opinion:

The evidence taken in this matter satisfies me that shortly after August 22, 1922, there was prepared by Agustin Blasini, trustee, a second report showing his disbursements and expenses between March 15, 1922, and August 22, 1922. This second report, however, could never be found in the records of the former referee in bankruptcy at Ponce, whose name is Arturo

Ortiz Toro. I think it is quite possible that this report was actually placed in the office or in the hands of the said former referee and became mislaid or lost. At all events, on or about the first day of November, 1923, when one of the numerous hearings of this case took place before the undersigned judge, Mr. Blasini, the trustee, was asked by the court to state whether or not he had in his possession the sum of $811.32, appearing as a balance in his hands, as shown by a former report in this same case. The trustee answered that this amount had been expended by order of the former referee in bankruptcy, Mr. Arturo Ortiz Toro, but the trustee was unable at that time to furnish the items, whereupon this court directed the said Agustin Blasini to file a detailed report of the payments covering said sum of $811.32. This order was promptly obeyed by Mr. Blasini, and on or about November 6, 1923, a paper was filed by Mr. Blasini addressed to Antonio Torres Cordova, who at that time had succeeded Arturo Ortiz Toro as referee, but who has since unfortunately died. Soon thereafter certain of the creditors of the bankrupt filed a petition asking this court to review the orders of the former referee, Arturo Ortiz Toro, alleging that all these disbursements were improper and illegal, and this court was asked to direct the said Arturo Ortiz Toro and the said Agustin Blasini to refund said total sum of $811.32.

It was agreed by all parties in interest that the matter might be heard by this court during the February, 1924, term at Ponce, which closed on March 15, 1924, and during that term much testimony was taken before the undersigned judge at Ponce bearing upon the question as to whether or not this sum of $811.32 should be refunded.

Before passing to the statement of the conclusion at which this court has arrived in connection with this petition; it is pertinent to observe that the unencumbered property of the bankrupt yielded approximately $9,000 in cash, and at the time of this hearing not one dollar had been received for the benefit of any creditor. The entire sum had gone in attorney's fees, trustee's fees, referee's fees and administrative expenses of different kinds.

Coming now to the merits of the present controversy, it is conceded that all of these items which go to make up said sum of $811.32 are in connection with the administration of certain parcels of real estate, the title to which was in the bankrupt, but each of which parcels was mortgaged so heavily that there could be nothing over and above the mortgage for the benefit of the ordinary creditor. In spite of this fact, which must have been known or should have been known to the former referee, Arturo Ortiz Toro, and to the said trustee, Agustin Blasini, they persisted in expending this entire sum of $811.32 to caretakers, to appraisers, to newspaper publishers, to notaries, and others in connection with said mortgaged properties, except the sum of $81.01 retained by Blasini, and $81.01 retained by Arturo Ortiz Toro, as commission claimed by each of them on certain deeds transferring these mortgaged properties. All the rest of said $811.32 went to third persons, none of whom are parties to this present petition. It is quite probable that this court would be justified in directing the said Arturo Ortiz Toro and the said Agustin Blasini to account for said entire sum of $811.32 and to return the same into the registry of this court. But after careful consideration of the entire matter, and remembering the extremely loose and negligent manner in which

bankruptcy proceedings in the city of Ponce have been conducted for the past five years, and keeping in mind that these payments were either actually advised or consented to by certain attorneys of the city of Ponce, it seems to me that it would perhaps be too harsh to require these gentlemen to refund money which is not now in their pockets, but which has gone into the pockets of other persons. There can, however, be no question as to the superior equity of these creditors to require Mr. Blasini to account for the money which he himself received, according to his own statement, and also to require the former referee, Arturo Ortiz Toro, to account for the money which he received, the amount in each case being $81.01.

The order of this court, therefore, is that the said Agustin Blasini and the said Arturo Ortiz Toro pay into the registry of this court on or before the 12th day of April, 1924, each the sum of $81.01, and that they be relieved from all liability for the other items in said second report above referred to.

To this order and opinion the said Agustin Blasini and the said Arturo Ortiz Toro except. Counsel for petitioning creditors also excepts.

Done and Ordered in open court at San Juan, Porto Rico, this 26th day of March, 1924.